UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO.   4:07CR-10-M

UNITED STATES OF AMERICA                                                            PLAINTIFF

VS.

JOHN E. STEWART
ROBERT WETTSTAIN                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions by Defendants, Robert Wettstain and John Stewart, for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 and new trial pursuant to Fed. R. Crim. P. 33 [DN 128, DN 135]. The Government filed a response [DN 138]. The Defendants filed replies [DN 146, DN 147]. Fully briefed, these matters are ripe for decision.

**Presentation of False Testimony**

Wettstain moves for a new trial on the grounds that the government presented perjured testimony. "[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976). "To prevail on a claim that the government presented perjured testimony, [a defendant] must show '(1) that the statements were actually false; (2) the statements made were material; and (3)[the] prosecution knew they were false.'" United States v. Pierce, 62 F.3d 818, 834 (6th Cir.1995)(quoting United States v. Farley, 2 F.3d 645, 655 (6th Cir.

1993)); United States v. Lochmondy, 890 F.2d 817, 822 (6th Cir. 1989)  The burden is on Wettstain to show that the testimony was false.  United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987).

Wettstain argues that Jerry Richardson, Misty Roberts, and James Stewart, along with others, presented false testimony at trial.  As evidence, Wettstain cites a September 18, 2007, letter written by co-defendant, Jerry Richardson, to Misty Roberts, and an October 6, 2007, letter written by Richardson to "Cuz," who was identified at trial as James C. Stewart.  These letters were disclosed to counsel prior to trial and used at trial as impeachment evidence.

First, the September 18, 2007, letter from Richardson to Roberts clearly instructs Roberts to lie about Richardson beating her up.  However, this information is not material to the case.  Defense counsel cross-examined Richardson about the September 18, 2007 letter. Furthermore, both Richardson and Roberts testified at trial about Richardson's violent conduct toward his girlfriend.  Second, the remainder of the letters do not clearly establish that the trial testimony of Richardson, Roberts, and Stewart was false.  While the letters call into question the credibility and believability of these witnesses, these letters alone do not establish that the trial testimony was "actually false."  For these reasons, the Court finds that Defendant Wettstain fails to meet his burden of showing that the government presented perjured testimony.

**Prosecutorial Misconduct**

Wettstain and Stewart argue that the Assistant United States Attorney engaged in misconduct during his closing argument by appealing to the "community conscience" of the

jurors. At the beginning of his closing argument, the Assistant United States Attorney stated that:

> [Y]ou folks are the conscience of the community. You are the representatives of this community, and you know that there's a plague on the community, which is methamphetamine.
> Now, you know that at the center of this epidemic are these two monsters, Mr. Stewart and Mr. Wettstain, because they've been peddling methamphetamine all over the [sic] your community for at least – for most of the last 10 years.

(Transcript of Government's Closing Argument at 2.)

The Sixth Circuit employs a two-prong test when reviewing a claim of prosecutorial misconduct: "First, [the court] determine[s] whether the prosecutor's conduct or comments were improper. Second, [the court] determine[s] whether the impropriety amounts to reversible error . . . ." United States v. Talley, 194 F.3d 758, 764 (6th Cir. 1999)(citing United States v. Carroll, 26 F.3d 1380 (6th Cir. 1994)). See also United States v. Watts, 2008 WL 449983 (6th Cir. February 20, 2008).

"Unless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are not per se impermissible." United States v. Solivan, 937 F.2d 1146, 1151 (6th Cir. 1991). In reviewing the case law, the Court finds that the closing statement by the government "does not rise[] to the level of impropriety and prejudice required to reverse a conviction." United States v. Ghazaleh, 58 F.3d 240, 246 (6th Cir. 1995)("A review of our prior decisions shows that the type of appeal we have considered improper is one where the prosecutor urges the jury to send a message to all drug dealers in

the community by convicting the defendant." Id.)[1] The AUSA did not ask the jury to "send a message" by convicting the defendants.

Notwithstanding, even if the government's remarks were improper, the Court finds that the Court's admonition "sufficiently diluted or eradicated any resulting prejudice." Solivan, 937 F.2d at 1156. Upon objection by defense counsel, the Court immediately admonished the jury as follows:

> Ladies and gentlemen, your job in this case is not to solve the drug problem in this community. It's an improper argument to make. Your job is to decide the evidence in this case and decide whether these people are guilty or not guilty of the crimes charged. So I want you to disregard any evidence – or any argument to the contrary made by Mr. Kilmartin.

(Id. at 3-4.) Unlike the admonition given in Solivan, the court gave an immediate and firm curative instruction explaining why the statement by the government should have no effect on the jury's deliberations. See Solivan, 937 F.2d at 1156-1157. Consequently, the government's remark, assuming it was improper, does not amount to reversible error.

For these reasons, **IT IS HEREBY ORDERED** that the Defendants' motions for judgment of acquittal and a new trial [DN 128, DN 135] are **DENIED**.

cc: counsel of record

---

[1] In Ghazaleh, the prosecutor argued that "[i]t probably went on in just about every corner and every block in this community during the three years that they were involved in this" and "these folks [the defendants] are drug dealers . . . they are the ones that have come in here and they've plagued the community with this kind of stuff." 58 F.3d at 245-246.