# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:07CR-10-M**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**VS.**

**JOHN E. STEWART**                                                             **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, John Stewart, for reconsideration of the Court's decision denying his motion for a new trial [DN 160]. The Defendant also requests an evidentiary hearing on this matter. The Government filed a response [DN 165]. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the motion by Defendant is denied.

### Background

In March of 2008, the Court received a letter from one of the jurors in the present case expressing his opinion that "John and Robert did not receive the fair judgment that they should have." [DN 156]. The juror stated that the fact that the Defendants did not testify helped persuade him they were guilty. The juror also questioned the sufficiency of the evidence as it related to Stewart because he "was never found with anything." Id. Finally, the juror contends that while one juror actually believed the Defendants were not guilty, he found them guilty because he "simply wanted to hurry up and get it over with." Id. The Defendant seeks a new trial arguing that the juror letter establishes juror misconduct.

**Discussion**

Pursuant to Fed. R. Evid. 606(b), "any evidence regarding a juror's thoughts about the trial, if offered to impeach the jury's verdict, is incompetent and cannot be admitted." United States v. Kelley, 461 F.3d 817, 831 (6th Cir. 2006)(citing United States v. Gonzales, 227 F.3d 520, 524 (6th Cir. 2000)). "Post-trial jury scrutiny is disfavored because of its potential to undermine 'full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople.'" Id. (quoting Tanner v. United States, 483 U.S. 107, 120-21 (1987)). The three exceptions to this rule "occur when extraneous prejudicial information is improperly brought to the jury's attention,[] when outside influence was improperly brought to bear upon any juror," and when a mistake occurs in entering the verdict onto the verdict form. Id.; Fed. R. Evid. 606(b).

Rule 606(b) clearly prohibits the consideration of the juror's letter to impeach the verdict in this case. The letter does not raise any claim of extraneous prejudicial information or outside influence on the members of the jury who deliberated and returned a verdict. Instead, the letter merely reflects the juror's own mental processes and how the jury reached its verdict which is clearly prohibited by Rule 606(b) and the Sixth Circuit case law. United States v. Blackwell, 459 F.3d 739, 769 (6th Cir. 2006)( A "juror may not testify about his or her own mental processes, *i.e.*, how the jury reached his or her verdict."). See also United States v. Kelley, 461 F.3d 817 (6th Cir. 2006)(a juror's consideration of a defendant's failure to testify does not fall within Rule 606(b) exceptions); United States v. Lloyd, 462 F.3d 510

(6th Cir. 2006)(a juror's statement in letter to district court that he did not believe the defendant was guilty, but only voted guilty because he could no longer stand the pressure from other jurors does not fall within the Rule 606(b) exceptions). Because this letter cannot be considered by the Court pursuant to Fed. R. Evid. 606(b), the motion by Defendant for reconsideration of his motion for new trial is denied.

Additionally, the Court also denies the Defendant's request for an evidentiary hearing. "The Sixth Circuit has held that a need for an evidentiary hearing does not arise absent the existence of an external influence on a juror or jurors." United States v. Lawrence, 477 F. Supp. 2d 864, 873 (S.D. Ohio. 2006). Absent any evidence of such external influence in the present case, an evidentiary hearing is not warranted as well.

## Conclusion

For these reasons, **IT IS HEREBY ORDERED** that the Defendant's motion for reconsideration and for an evidentiary hearing [DN 160] is **DENIED**.


cc: counsel of record
   US Marshal
   US Probation